Good morning. My name is Marty O'Toole. I represent the appellants Imo Katkin and the Katkin Trust. It's my understanding that the appellees have conceded and waived the issue of the timeliness of the motion for reconsideration and of the appeal. And so I'd ask for the court's permission to move on to the question of the prevailing party. That's fine. Is that a correct statement? That's correct, Your Honor. Fine. Thank you. Okay. The Supreme Court has held that a party, and the Supreme Court and Buchanan Board and Care Home Incorporated v. West Virginia Department of Health and Human Resources, held that a party may be accorded prevailing party status for purposes of statutory provisions providing for attorneys' fees only when that party obtains judicial relief, creating a material alteration of the legal relationship of the parties. This Court has recently determined in Oscar v. Alaska Department of Education that a dismissal without prejudice does not constitute a material alteration of litigants' legal relationships, as it leaves the plaintiffs able to refile their claims. Barring such a judicial determination, appellants, as a plaintiff in Oscar, retain the legal ability to refile. Thus, Oscar controls and appellees are not the prevailing party. As I understand it, the appellees are suggesting that you can't simply refile because you in your final amended complaint, you dropped the copyright, and therefore, you've waived that claim. And therefore, you can't refile a copyright claim. I believe that we can refile it, Your Honor, that it is not barred, that in that there is not a bar to our being able to refile it. Well, if let's hypothesize that you can't refile it, so what next? Well, then, if we can refile it, then there's no legal barrier to our being able to refile it. But if you can't refile it? Well, there's not been a judicial determination as to that question. And Buchanan is very clear that if you have a judicial, either a judgment or a court or a consent decree, something with judicial impromptu on it, that that would perhaps make that a barrier. But here there is no such barrier through any judicial finding or determination. And that's what Buchanan clearly seems to require. All right. Well, why don't we let the appellees speak and see what their view is. Thank you. Good morning. May it please the Court, Sandra Levin on behalf of Terrence Luce as trustee of the William Luce Trust. And appellant's counsel is correct. We have withdrawn the issue of the timeliness of the appeal. We have not withdrawn the issue of the notice of appeal being defective, as was identified at footnote 5 of our answering brief. The notice of appeal actually only made reference to the judgment in favor of appellant, or rather, Irma Luce and May Lou as against appellant. It made no reference to the judgment against the trust. So that issue remains and is jurisdictional. But I'll move on to the more interesting issue of the prevailing party. And as the Court's questions imply, yes, absolutely, there is a bar. The claims were waived and abandoned by not refiling. The bar is the result of judicial action. It's the result of multiple rulings in the court below that the copyright claims were defective. The copyright claims were not dismissed voluntarily at the end of the case under Rule 41a dismissal. They were the ---- What's the authority for this proposition? The London case, Your Honor, states that all causes of action that are not refiled after leave to amend is granted, after a motion to dismiss is granted with leave to amend, all those claims are abandoned and waived. The case is cited in our answering brief, but it's 644 F. 2nd. 811 at page 814. Did that apply to a new action or did that apply to the same action? That applies to the same action, Your Honor. There is no case authority out there dealing with this question on a new action for probably the obvious reason that once a claim has been declared defective by the court and abandoned, it would be a pretty significant Rule 11 problem to refile it as is. So there is no case authority ever having dealt with this issue of what the effect of the waiver is, but the language and the statement in London and the related cases is quite broad and makes it very clear that that claim has been waived. I would like to point out, however, that ---- What about the South Pasadena case that involved the state's sovereign immunity where Judge Kaczynski made it clear that we have slavishly followed the interpretation that if it's a voluntary dismissal, it doesn't preclude starting all over again in a new action, not the same action, a new action. Right. Well, Your Honor, I would submit that that case is distinguishable on a number of grounds. Obviously, it is not comparable to this case on the facts. I recognize that there are broader statements of the law, but on the facts, that case dealt with a defense, not a claim, and it dealt with a claim that had been dismissed under a 41A dismissal. Here the copyright claims were not dismissed by a 41A dismissal. The copyright claims were waived and abandoned long before Plaintiffs' Counsel filed a voluntary dismissal. The voluntary dismissal was only as to the remaining claims. We are not arguing that we are the prevailing party by virtue of a voluntary dismissal. We're not arguing that we are the prevailing party by virtue of some catalyst theory, and we're not arguing that we're the prevailing party by virtue of the tentative ruling, despite what counsel implies in the reply brief. We are saying that we are the prevailing party by virtue of the actual rulings that were made by the court below dismissing the copyright claims as defective. The court ruled on the merits of the copyright claims as alleged and said that they were defective. They – the plaintiff had not stated a viable copyright claim. And, in fact, on the – I believe it was third ruling stating that the copyright claims were defective, the court laid out quite clearly exactly what plaintiff would have to plead in order to be able to allege a copyright claim, and plaintiff was not able to comply with that order. Those aren't tentative orders. They aren't voluntary dismissals. Those are actual orders of the court. And we would say – Counsel, Judge Gould, I have a question for you. Why does all that matter if when the action was dismissed, it was dismissed without prejudice? For two reasons, Your Honor. The first – If it's dismissed without prejudice, it seems like unless there's something in some other precedent that all the claims could be refiled. For two reasons, Your Honor. The first is that Buchanan doesn't require a permanent change in the relationship with the parties. Buchanan does not override Corcoran, and there have been subsequent cases, and I'd like to point two out to the court, dealing with Corcoran saying it is still good law. One is Interscope Records that was cited by appellants in their reply brief. Interscope is post-Buchanan and says that Corcoran is still good law, points out that although the defendant there had not prevailed on any issue, that whereas in the Corcoran case, and as here, the defendant has prevailed on a motion to dismiss, that that is enough of a judicial imprimatur to satisfy Buchanan. Similarly, the Maljack case, Maljack v. Palisades Entertainment, and I guess I should note there are two Maljack cases that are cited in these proceedings. This Maljack is the one that was cited by Judge Selma in his ruling granting fees to my client, and it is the case cited at 36 U.S.P.Q. 2nd, 1281. Maljack said that Corcoran is still good law and that where there has been a motion to dismiss that causes plaintiff to dismiss that or rather where there's a motion to dismiss and plaintiff does not amend and therefore abandons the claim that the defendant is the prevailing party. Similarly, the ---- So let me ask you this. You didn't ever file an answer, did you? No. So to dismiss voluntarily didn't require any permission of the court. Isn't that correct? Correct. Okay. You did file motions to dismiss. We did file multiple motions to dismiss, and as I said, they were ruled on by the court in our favor. The Ninth Circuit has addressed not this question but a similar question previously under Buchanan when it considered whether a preliminary injunction was sufficient to satisfy Buchanan and make the plaintiff in that case a prevailing party. That was the case of Watson v. County of Riverside, and it is 300 F. 3rd, 1092. And in that case, the court said even though the claims were ultimately dismissed and there had been no final judgment or consent decree, that there had been enough of a judicial imprimatur in favor of the plaintiff based on an interim ruling that Buchanan was satisfied and that Buchanan merely cites judgment or consent decree as examples of the kind of judicial imprimatur that might give the status of prevailing party to one of the litigants, but that it does not have to be a judgment or consent decree. It doesn't even have to be a permanent decision. Well, that may be, but you still have Oscar, which is the law of the circuit, so you can't just decide this case as if it's a blank slate. Yes, Your Honor. But Oscar also made reference to Miles and made clear that where there has been. Well, we distinguished Miles. Yes. It distinguished Miles and made clear that where there has been an alteration in the relationship of the parties that that is sufficient. And the question is whether interim rulings can be a significant alteration in the relationship of the parties. And we would submit that both under a logical understanding of what the prevailing party is and under the technical rule that where the court declares the claims are defective and as a result the claims are eliminated from the case. Well, let me ask you this. If, in fact, they could bring a new copyright claim in Federal court against your client and you could not successfully argue race judicata or collateral estoppel in that new action, then why wouldn't Oscar absolutely control? Because, Your Honor, that still begs the question of whether there was enough of a judicial imperative and a change in the relationship of the parties. Well, it didn't change the relationship of the parties, as Oscar said. The reason Oscar found and distinguished Miles is that there was nothing precluding refiling that the defendant remained at risk for the, in that case, not a copyright claim, but for the age of discrimination claim. Right? Yes, Your Honor. That was the way that it was distinguished. But I don't believe Oscar precludes there being a change in the relationship of the parties as is evidenced by the Watson case, which is also Ninth Circuit authority, which held that even though the ruling was only a preliminary injunction and did not affect the permanent relationship of the parties, it had effected the relationship of the parties during the pendency of the litigation based on a judicial determination. It wasn't a catalyst here. Well, it changed the relationship in Oscar, too. They couldn't proceed. They didn't and couldn't because the court had found that the affidavit wasn't signed, so they had to, they decided to withdraw and see if they could correct the defect. All right. I think we have your point. Thank you. Good morning, Your Honor. This is Jordan Grossinger for Irma Luth. I'm sorry. You had 10 minutes. All I was going to say was we do not have anything more to add. Oh, good. I'm looking at my notes. Thank you. Okay. May I have a word just briefly? Well, you have time left. You didn't use all yours. Thank you. Thank you, Your Honor. The court did not in its determination on prevailing party make any findings as far as the waiver, the potential waiver of the copyright cause of action. It didn't discuss it at all. The Appellee's .2 Interscope v. Ledbetter as the case in the Ninth Circuit has just ruled on that. And in that case, there was a motion to dismiss that was granted without prejudice, the same in this case. So there was the ability to refile, not to refile, but to address and cure any defects. And, again, that is similar to this case. If there aren't any further questions, we submit on the rest of the issues. All right. Thank you. Thank you. The case argued and submitted. Thank you. We thank counsel for the argument. Next case on calendar is Heron v. Amgen.
judges: Fletcher B. , Fisher, Gould